IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY VINSON #20151010
    Plaintiff                                  :

    v.                                          :      CIVIL ACTION NO. ELH-15-2849

WARDEN GEORGE KALOROUMAKIS[1]   :
    Defendant

## MEMORANDUM

On September 21, 2015, plaintiff Anthony Vinson, presently confined at the Wicomico County Detention Center ("WCDC"),[2] filed a document that was accepted as a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint contained five separate and distinct claims, three of which were dismissed upon initial review. ECF 3. Vinson's claims concerning lock-down and release from protective custody status proceeded against Warden Kaloroumakis, the sole named defendant. *Id.*

Defendant has filed an unopposed motion to dismiss ("Motion").[3] ECF 6. No hearing is needed to resolve the Motion. *See* Local Rule 105.6.

---

[1] The Clerk shall amend the caption to reflect the proper spelling of defendant's name.

[2] Vinson currently is serving two consecutive sentences at WCDC; a five year sentence with all but four years suspended for a sexual offense, imposed on June 17, 2015 (Circuit Court for Wicomico County, Case No. 22K15000146) and an eighteen month sentence for assault, imposed on August 28, 2015 (Circuit Court for Wicomico County, Case No. 22K120000744). According to defendant's counsel, his anticipated release date is June 2016.

[3] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Clerk of Court on December 15, 2015, informed Vinson that defendant had filed a dispositive motion; that Vinson had seventeen days in which to file written opposition to the motion; and that if Vinson failed to respond, summary judgment could be entered against him, without further notice. *See* ECF 7. Vinson has filed correspondence complaining of unrelated conditions of confinement (ECF 8), but has failed to respond to the motion to dismiss.

## I. Standard of Review

Under Fed. R. Civ. Proc. 12(b)(6), this court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States has explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677 - 78 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (7th Cir. 1994)) (once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint").

## II. Discussion

Vinson's claims against WCDC's Warden are premised solely on supervisory liability under the doctrine of respondeat superior. *Shaw v. Stroud,* 13 F.3d 791, 99 (1994), allows a supervisor to be held liable where (1) the supervisor had actual or constructive knowledge that his subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to another, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Vinson alleges he is allowed out-of-cell for only one hour each day because he is "on PC [protective custody]…" ECF 1 at 4. He also claims "Mrs. Alan Dar is try[i]ng to force me as well as other inmates …off PC…we feel as though our lives might be put in direct harm" if taken off protective custody status. *Id.* Vinson does not indicate that Warden Kaloroumakis played any role in, or was aware of, Vinson's concerns. Therefore, Warden Kaloroumakis is entitled to dismissal from this suit.

Vinson's claims of limited out-of-cell activity and security concerns may raise Eighth Amendment claims. Ordinarily, this court would allow Vinson an opportunity to further supplement his complaint to name other WCDC employees allegedly responsible for his cell confinement and possible removal from protective custody status. Here, however, Vinson has not opposed dismissal of the case. Rather, he has merely provided correspondence concerning a laundry list of "issues with the jail," including mail concerns and a lack of cleaning supplies. ECF 8. Although such concerns may form the basis for a new complaint regarding conditions of confinement, they are not relevant to the instant case and may not have been exhausted through WCDC's administrative process, a prerequisite for filing a new lawsuit. Furthermore, counsel for the Warden indicates that Vinson remains in protective custody.

For these reasons, defendant's motion to dismiss shall be granted by separate Order to follow.

Date: January 15, 2016            _____/s/_____
                                  Ellen Lipton Hollander
                                  United States District Judge